IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| ANNE-LESE ERIKSEN<br><br>Plaintiff,<br><br>vs.<br><br>DONALD W. DENNETT, an individual;<br>DOES I - X and ROE CORPORATIONS I - X,<br><br>Defendants. | **MEMORANDUM DECISION AND**<br>**ORDER GRANTING**<br>**MOTION FOR SANCTIONS**<br><br>Civil No.: 2:07 CV 00230 DB<br>District Judge: Dee Benson<br><br>Magistrate Judge: David Nuffer |

Plaintiff made a Motion for Sanctions or for an Order Compelling Responses to Discovery.[1] The court granted the motion to compel and took the motion for sanctions under advisement. As ordered,[2] Plaintiff submitted proof of expenses including attorneys fees incurred in the motion[3] and Defendant filed a response.[4]

Plaintiff claims expenses of $1,187.50, for a total of 6.4 hours billed at $300 per hour for attorney time and $115 per hour for paralegal time. The detail of submission shows that over half the time billed is for paralegal time, which results in considerably less expense than if the

---

[1] Docket no. 6, filed October 9, 2007.

[2] Docket no. 11, filed December 10, 2007.

[3] Docket no. 12, filed December 19, 2007.

[4] Defendant Donald W. Dennett's Response to Plaintiff's Affidavit of Attorney's Fees (Response), docket no. 14, filed January 2, 2008.

work were entirely done by an attorney.  It is apparent that the itemization does not include all the attorney time – for example, no attorney time is shown in connection with review and signature of the draft motion prepared by the paralegal.   Overall, the amount of time and the dollar amount is reasonable.

Defendant objects[5] that the dollar amount per hour for attorney time is excessive for the market in Washington County, Utah, where the comparable rate would be $225 or $200 per hour.  However, given the fact that the relevant market is the District of Utah; the result obtained; and the overall dollar amount, the court finds that  $1,187.50 is a reasonable and proper amount.

Defendant also objects that the Plaintiff, if working with counsel on a contingent fee basis, has incurred no attorney's fees in connection with the motion.[6]  No authority is cited.  No proof is given that Plaintiff's fee arrangement is contingent.  The proposition is also unwise.  If this were the rule, in cases where plaintiff's counsel was retained on a contingent fee basis, defendants would be free to ignore discovery responsibilities without fear of monetary sanction.  In fact, such a rule would even remove the possible financial penalty for ignoring orders compelling discovery.  However, Plaintiff is entitled to credit for the amount awarded by this order on any contingent fee collected in the case.[7]

---

[5] Response at 1.

[6] *Id.* at 1-2.

[7] *Swain v. Encore Medical Corp.*, NO. CIVA 3:04-174 2006 WL 3692593 (W.D. Pa. Dec 12, 2006; *Stengel v. Kawasaki Heavy Industries, Ltd.*, 116 F.R.D. 263 (N.D.Tex. 1987); *Hamilton v. Ford Motor Co.*, 636 F.2d 745 (D.C. Cir.1980).

**ORDER**

IT IS HEREBY ORDERED that the motion for sanctions[8] is GRANTED and Plaintiff is awarded $1,187.50 as reasonable expenses incurred, which shall be paid within thirty days.

DATED this 10th day of December, 2007.

BY THE COURT:

_____
Magistrate Judge David Nuffer

---

[8] Docket no. 6, filed October 9, 2007.