# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF UTAH

| | |
|---|---|
| ANNE-LESE ERIKSEN, ) ) Plaintiff, ) ) vs. ) ) DONALD W. DENNETT, an individual; ) DOES I - X and ROE CORPORATIONS I - X, ) ) Defendants. ) ) | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO RE OPEN DISCOVERY AND DENYING MOTION TO WITHDRAW ADMISSIONS** Civil No.: 2:07 CV 00230 DB District Judge: Dee Benson Magistrate Judge:   David Nuffer |

Defendant moved to withdraw admissions[1] he made when he failed to respond to discovery, and to re-open fact discovery[2] to make not more than ten document requests and to take Plaintiff's deposition.[3]  Defendant was pro se in this action until December 27, 2007,[4] over three months after fact discovery closed.[5]  Until the entry of an order compelling discovery and ordering sanctions,[6] Defendant entirely ignored the court and the efforts of Plaintiff's counsel to

---

[1] Defendant's Motion to Withdraw Admissions, docket no. 17, filed January 18, 2008.

[2] Defendant's Motion to Re-Open Discovery, docket no. 20, filed January 18, 2008

[3] *Id.* at 1 and Defendant Donald W. Dennett's Memorandum in Support of Motion to Re-Open Discovery (Memorandum to Re-Open), docket no. 21, filed January 18, 2008

[4] Memorandum to Re-Open at 2.

[5] Scheduling Order, docket no. 5 , filed July 17, 2007.

[6] Docket no. 11, filed December 10, 2007.

secure his cooperation in discovery.[7]

Plaintiff claims he actually answered the requests for admissions,[8] but provides no support for this assertion (such as a copy of what was allegedly submitted) and has apparently made only partial responses to the other discovery[9] since counsel entered the case on his behalf. While his recently filed declaration contradicts the subjects of the requests for admission, it does so only with brief conclusory assertions, unsupported by any factual basis or corroborating evidence, just as he fails to demonstrate that he actually responded timely to the discovery.

Defendant also wants to re-open discovery, so late in the schedule that the dispositive motion deadline has passed. He wants to re-write the schedule in the case. This is manifestly unfair to Plaintiff who has acted with diligence toward the court and with leniency toward Defendant in making so many attempts to procure compliance. The case was filed April 9, 2007,[10] and this schedule was set seven months ago.

---

[7] Memorandum in Support of Motion for Sanctions or for an Order Compelling Responses to Discovery, Docket no. 7, filed October 9, 2007, and Opposition to Motion to Withdraw Admissions (Opposition to Withdrawal) at 4, docket no. 23, filed January 31, 2008.

[8] Declaration of Donald W. Dennett, docket no. 19, filed January 18, 2008.

[9] Opposition to Withdrawal at 5.

[10] Complaint, docket no. 1, filed           .

**Withdrawal of Admissions**

Defendant claims that he should be permitted to withdraw the admissions because the presentation of the merits will be served and there will be no prejudice to the other party.[11]  This is the proper standard.[12]

However, the last point goes directly against Defendant.  And he has only himself to blame for the prejudice caused this out-of-country Plaintiff who has proceeded diligently. Defendant ignored discovery requests, letters and phone calls from opposing counsel, and motions which were filed and served.   Defendant claims that he "did not understand the nature of discovery and his duties to comply therewith,"[13] but the record makes any such misunderstanding unreasonable and hardly credible.  Perhaps he failed to understand the *consequences* of his failures to comply, but the obligations were clear enough to understand or to signal that help was needed.

The other issue on permitting withdrawal or amendment of the admissions – serving the merits – is not answered in Defendant's favor either.  Defendant's conclusory attempts to contradict the admitted points shows that he must have nothing to present beyond his personal opinion.   His lay assertion that "Bison are domesticated animals" does not create a justiciable

---

[11] Memorandum in Support of Defendant's Motion to Withdraw Admissions (Withdrawal Memorandum) at 2, docket no. 18, filed January 18, 2008.

[12] *Raiser v. Utah County*, 409 F.3d 1242, 1246 (10th Cir. 2005).

[13] Reply in Support of Defendant's Motion to Withdraw Admissions at 2, docket no. 26, filed February 13, 2008.

issue.  Similarly, his conclusions that he does "not own a wild animal park" and that he "does not invite the public to view the bison or facilitate their feeding are nothing more than expressions of his opinion.  If these issues were genuinely contested at the time, months ago, that such issues were entitled to be raised, then Plaintiff would have done much more work before this date to controvert those assertions, to be ready for trial.  And in that discovery process Defendant would have been required to provide evidence to support his assertions of the status of the bison and existence of signs.  He has not shown any evidence that the merits will be served by withdrawal of the admissions.  The real issues in this case appear to be damages and other liability issues, such as conduct of the Plaintiff.  The motion to withdraw the admissions is therefore denied.

## Re-Opening Discovery

In aid of these remaining issues in the case, discovery seems appropriate as it need not interfere with the trial schedule.  While the request is opposed, Defendant was not at all diligent, and the original schedule permitted plenty of time for discovery, it is likely that the discovery will produce relevant evidence without prejudice to Plaintiff, or to the trial date.[14]

The court will permit re-opening of discovery to allow not more than ten requests for production and Plaintiff's deposition, on terms, so that Defendant may develop evidence and present any meritorious defenses beyond the admitted facts.  This discovery by Defendant; completion of Plaintiff's discovery including a corresponding deposition of Defendant; and the

---

[14] *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987)

issuance of any expert reports and depositions can be accomplished in the time before trial.

## Amended Schedule

The schedule will therefore be amended as follows:

| | |
|---|---|
| Fact Discovery Completion Deadline | April 11, 2008 |
| Identification of identity and subject matter of testifying experts | March 28, 2008 |
| Expert Reports from party with burden of proof | April 25, 2008 |
| Expert Reports responsive to initial reports | May 16, 2008 |
| Expert Depositions | June 6, 2008 |

Defendant may deliver not more than ten document requests not later than February 29, 2008, which shall be answered on or before April 4, 2008, and at his election made on or before March 7, 2008, Defendant may take the deposition of Plaintiff on the issues remaining in this case either (a) not more than five calendar days before trial or (b) by telephone or video conference at his own expense provided that all marked exhibits to be used by Defendant in the deposition and an outline of topics to be discussed are provided to opposing counsel at least 15 days before the deposition.  This latter requirement for the video or telephone deposition is required to reduce confusion and increase efficiency in the remote deposition.  In any deposition of Plaintiff if an interpreter is required, that expense shall be borne by Defendant, and the interpreter; the officer administering the oath; and, unless stipulated otherwise, the reporter shall be at the site where Plaintiff is present.  These provisions are designed to ensure integrity of the

record. Any of the provisions of this order may be varied by written stipulation of the parties.

DATED this 25th day of February, 2008.

BY THE COURT:

_____
Magistrate Judge David Nuffer